IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Beverly C., | ) |
| | ) |
| | ) Civil Action No.: 1:20-cv-04490-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| | ) |
| Kilolo Kijakazi, Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 19.) The Report addresses Plaintiff Beverly C.'s ("Plaintiff") claim for Disability Insurance Benefits ("DIB") and Disabled Widow Benefits ("DBW"). (*Id.* at 1.) The Report recommends the court reverse the decision of the Commissioner of Social Security Administration ("Commissioner") and remand the matter for further administrative proceedings. (*Id*. at 1-2.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-48.) As brief background, on February 24, 2020, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB and DWB. (*Id.* at 2.)

1

The ALJ determined Plaintiff had the severe impairments of "left and right shoulder rotator cuff tear; lumbar degenerative disc disease; obstructive sleep apnea and obesity." (*Id.* at 43.) The ALJ found Plaintiff had the following RFC:

> "to perform light work as defined in 20 CFR 404.1567(b) except occasionally climb ropes/ladders/scaffolds; frequently balance and climb ramps/steps, occasionally stoop, kneel, crouch or crawl. She can occasionally reach overhead and must avoid concentrated exposure to hazards."

(*Id.* at 43.)

Thereafter, the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. *See Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed this action on December 29, 2020. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting this case be reversed and remanded. (ECF No. 19.) In particular, the Magistrate Judge noted (1) the ALJ's conclusions discounting Plaintiff's testimony about the limiting effects of her symptoms were not supported by substantial evidence; (2) the ALJ erred in failing to evaluate and reconcile a medical opinion regarding Plaintiff's limitations in accordance with 20 C.F.R. § 404.1520, and finally, (3) the ALJ's decision failed to adequately support his RFC determination with medical and nonmedical evidence from the record. (*Id*. at 55-56, 61, 69.)

First, the Magistrate Judge pointed out that the ALJ overtly rejected Plaintiff's allegations as to the intensity, persistence, and limiting effects of numerous impairments without "providing reasons as to why each [alleged limitation] was not supported by the record." (*Id*. at 52-53.)

2

Overall, the Magistrate Judge found the ALJ's evaluation of Plaintiff's testimony "reflect[ed] significant cherrypicking of the evidence," which the law of this circuit explicitly forbids. (*Id*. at 53 (citing *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.")).) Structurally too, the ALJ's analysis fell short of the mark. Under 20 C.F.R. 404.1529(c)(3), an ALJ must render a decision as to the severity and intensity of a claimant's symptoms after considering numerous relevant factors specified by the regulations, including "the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of the claimant's medications; any measures the claimant uses or has used to relieve pain or other symptoms; and any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms." (*Id*. at 51 (citing 20 C.F.R. § 404.1529(c)(3)).) The Magistrate Judge noted that the ALJ neglected to address these factors. In support of this finding, the Report highlighted substantial medical and nonmedical evidence from the record which could be read to support Plaintiff's described symptoms, but was simply not weighed in the ALJ's decision. (*Id*. at 55-56.)

Turning to the ALJ's analysis of medical opinions describing Plaintiff's restrictions, the Magistrate Judge again pointed to the framework set forth in the applicable regulations and explained that the ALJ's evaluation failed to consider certain requisite factors. (*Id*. at 60-61 (citing 20 C.F.R. § 404.1520c).) The ALJ determined, without explanation, that the activity restrictions set forth by one treating physician were not persuasive. (*Id*. at 61.) The ALJ did not discuss whether restrictions for pushing, pulling, or lifting over five pounds, and a "desk job only" were consistent with other parts of the record and with Plaintiff's own testimony, or supported by the

3

physician's examination. (*Id*.) The Magistrate Judge concluded that the ALJ's explanations as to the persuasiveness of these medical opinions was incomplete. (*Id*.)

Finally, the Magistrate Judge considered the ALJ's RFC Assessment, and noted once again that the ALJ's analysis did not follow the regulatory framework under 20 C.F.R. § 404.1545 and SSR 96-8p, because the ALJ did not "engage in a function-by-function analysis as to relevant functions in assessing" Plaintiff's RFC. (*Id*. at 64.) The Magistrate Judge concluded the ALJ simply did not explain "how the evidence supported the RFC he assessed." (*Id*. at 66.)

Therefore, the Magistrate Judge reasoned the ALJ's determination constituted reversible error, and recommended the matter be remanded for further administrative proceedings on this ground and Plaintiff's remaining allegations of error. (*Id.* at 69.)

The parties were apprised of their opportunity to file specific objections to the Report. (*Id*. at 70.) On September 27, 2021, the Commissioner informed the court he would not offer objections. (ECF No. 20.) Plaintiff similarly has not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a

timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 19 at 14-19.) The Commissioner notified the court he will not file objections (ECF No. 20) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 19) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 2, 2021
Columbia, South Carolina